UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOSEPH MITCHELL,

    Plaintiff,

v.

SAN JOSE IMMIGRATION AND CUSTOMS ENFORCEMENT DIRECTOR; et al.,

    Defendants.

No. C 07-3843 SI (pr)

**ORDER OF DISMISSAL**

# INTRODUCTION

Joseph Mitchell, an inmate at the Correctional Treatment Facility in Soledad, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. His complaint is now before the court for review pursuant to 28 U.S.C. § 1915A.

# BACKGROUND

In his complaint, Mitchell alleges that he is an illegal alien from Canada currently serving a sentence following a conviction in a California court of second degree murder. He complains that the immigration authority formerly known as the U.S. Immigration & Naturalization Service and now known as the Bureau of Immigration and Customs Enforcement ("ICE") – which he erroneously identifies as a department of the City of San Jose – has failed and refuses to commence removal proceedings to send him back to Canada. He seeks injunctive and declaratory relief to force ICE to commence removal proceedings against him.

1    Mitchell further alleges that the defendants' failure to commence removal proceedings
2 have allowed prison officials "to keep plaintiff indefinitely on their slave labor prison work
3 force." Complaint, p. 6.

## DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

The complaint does not state a claim for relief under 42 U.S.C. § 1983. The claim to compel ICE to commence removal proceedings is meritless in a civil rights action because it challenges the fact or duration of Mitchell's confinement. To the extent a prisoner wants to challenge the fact or duration of his confinement, such a claim may be asserted only in a petition for writ of habeas corpus. See Hill v. McDonough, 126 S. Ct. 2096, 2101 (2006); Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). Even a habeas petition would be futile for Mitchell at this point, however, because he cannot meet the habeas custody requirement as the court recently explained in dismissing Mitchell's habeas petition seeking essentially the same relief. See Order Of Dismissal in Mitchell v. Gonzales, No. C 07-4619 SI.

Even if the claim to compel ICE to commence removal proceedings wasn't viewed as a challenge to the fact or duration of confinement and therefore wasn't confined to a habeas action, the claim still fails in a civil rights action. Under the Illegal Immigration Reform and Immigrant

United States District Court
For the Northern District of California

Responsibility Act of 1996, Pub. L. No. 104-238, 110 Stat. 3009-625 (as amended by Act of October 11, 1996, Pub. L. No. 104-302, 110 Stat. 3657) ("IIRIRA"), district courts do not have jurisdiction to order removal of an alien because that authority is vested exclusively with the Immigration Judge. See 8 U.S.C. § 1229a(a); United States v. Tinoso, 327 F.3d 864, 865 (9th Cir. 2003)(district court exceeds its authority in ordering, as a condition of supervised release, the immediate and automatic deportation of defendant without a deportation hearing). This court lacks jurisdiction to grant the relief requested.

Finally, Mitchell's claim that he is being forced to do slave labor has no legal merit. Prisoners who are duly tried, convicted and sentenced for the commission of a crime have no federally protected right not to work since the Thirteenth Amendment does not protect against involuntary servitude where one is convicted of a crime. See Draper v. Rhay, 315 F.2d 193, 197 (9th Cir.), cert. denied, 375 U.S. 915 (1963); see also Omasta v. Wainwright, 696 F.2d 1304, 1305 (11th Cir. 1983) (per curiam) (even where conviction later reversed and state then chose not to prosecute, no right to compensation at minimum wage for hours worked while in confinement since had been duly tried, convicted, sentenced and imprisoned). Inmates may be required to work in accordance with prison rules. See Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994). Mitchell's complaint discloses that he is in custody on a second degree murder conviction. As the sentence for second degree murder in California is an indeterminate 15-to-life, he is still within the range of that lawful sentence and may be compelled to work in prison.

## CONCLUSION

This action is DISMISSED with prejudice because the complaint fails to state a claim upon which relief may be granted. Leave to amend the complaint is not granted because it would be futile. The clerk shall close the file.

IT IS SO ORDERED.

Dated: September 20, 2007

_____
SUSAN ILLSTON
United States District Judge

3